UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

- against -

CHOUDRY MUHAMMAD KHALIL,

                Defendant.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
13-CR-386 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

On or about June 27, 2013, a grand jury in this district returned an indictment charging defendant Khalil with knowingly and willfully making materially false, fictitious, and fraudulent statements in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), in violation of 18 U.S.C. § 1001(a)(2).[1] (Indictment (Doc. No. 9).) Specifically, the grand jury charged that defendant falsely stated to FBI Special Agents that he (1) lacked any familial relationship with John Doe 1, when defendant knew that John Doe I was his brother; and (2) did not know the present location of John Doe 2, when defendant knew that John Doe 2 was then in defendant's residence. Currently before the Court is defendant's motion, pursuant to Fed. R. Crim. P. 12(b)(3), to dismiss the indictment on the grounds that the government cannot established the materiality of his alleged false statements.[2] For the reasons set forth below, defendant's motion is denied.

---

[1] The statute prohibits, *inter alia*, knowingly and willfully making a materially false statement or representation in any matter within the executive, legislative, or judiciary branch's jurisdiction (with certain exceptions not relevant here). 18 U.S.C. § 1001.

[2] The government explains, in its brief opposing the instant motion, that "John Doe 1" is Jamil Ahmed, who pled guilty to a charge of conspiracy to produce fraudulent identification documents in violation of 18 U.S.C.§ 1028(f), *see United States v. Ahmed*, 12 CR 291 (E.D.N.Y.), and that "John Doe 2" was Ahmed's client and defendant's roommate.

1

## DISCUSSION

**I. Standard**

Fed. R. Crim. P. 12(b)(3) permits a defendant to file a pre-trial motion "alleging a defect in the indictment." Fed. R. Crim. P. 12(b)(3). A defendant faces a "high standard" in seeking to dismiss an indictment, *United States v. Thompson*, No. 13 CR 378, 2013 WL 6246489, at *6 (S.D.N.Y. Dec. 3, 2013) (internal quotation marks and citation omitted). This is because an indictment need only consist of "'a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *Id*. (quoting F.R. Crim. P. 7(c)(1)). "An indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Fanta*, No. 04 CR 1253, 2005 U.S. Dist. LEXIS 33338, at *4 (S.D.N.Y. Dec. 16, 2005) (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992)). An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction that bars future prosecutions for the same offense. *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998).

Here, defendant does not argue that the indictment fails to meet the basic pleading requirements of Rule 7(c). Nor could he prevail on such an argument, as the indictment sets forth the elements of the charged offenses and the approximate time when defendant committed them. *See Fanta*, U.S. Dist. LEXIS 3338, at *4 (denying motion to dismiss indictment). Rather, defendant argues that his alleged false statements were not material to the government's investigation concerning whether he was a participant in Ahmed's passport fraud ring, and that in any event, the government already knew that defendant was Ahmed's brother when they asked defendant if he was related to Ahmed. Defendant fails, however, to address the threshold

2

question of whether the Court can determine the materiality of his alleged false statements at this point in the proceedings.

It would be improper, at this stage, for the Court to dismiss the indictment on the grounds that defendant's alleged false statements were not material. In *United States v. Gaudin*, the Supreme Court held that a trial judge had violated the defendant's right to a jury trial by refusing to allow the jury to decide whether the defendant's false statements were material:

> Deciding whether a statement is material [in violation of 18 U.S.C. § 1001] requires the determination of at least two subsidiary questions of purely historical fact: (a) what statement was made? and (b) what decision was the agency trying to make? The ultimate question: (c) whether the statement was material to the decision, requires applying the legal standard of materiality . . . to these historical facts.

515 U.S. 506, 512 (1995) (internal quotation marks omitted). The Court held that the third question, which it characterized as a mixed question of law and fact, is a jury question. *Id*.

Here, the government charges that defendant made two false statements – that defendant was not related to Ahmed, and that defendant did not know where one of Ahmed's clients was. To dismiss the indictment at this stage, the Court would need to determine (a) whether defendant made these statements (and whether they were false), (b) what decision the FBI was trying to make at the time, and (c) whether defendant's statements were material to that decision. In other words, the Court would need to make several factual determinations, which would require it to assess the sufficiency of the government's proof.

Applying *Gaudin*, courts in circumstances similar to the instant case have denied motions to dismiss an indictment. For example, in *United States v. Kurtz*, No. 98 CR 733, 1999 U.S. Dist. LEXIS 8022 (S.D.N.Y. May 28, 1999), the government charged that defendant had falsely stated to courts that he was an attorney representing a criminal defendant. The court denied defendant's motion to dismiss the indictment, reasoning that the materiality of the defendant's

alleged false statements must be measured by reference to the courts' decisions to allow him to appear as an attorney. *Id.*, at *12. The court found that "the indictment *alleges* that the false statements were material, which is sufficient to withstand a motion to dismiss the charge. Ultimately, whether the false statements are material is a question for the jury." *Id.*, at *12 (emphasis in original). Similarly, in *United States v. Brooks*, No. 08 CR 35, 2008 WL 2092433 (S.D.N.Y. May 16, 2013), the government charged that defendant had made false statements to the GSA, in connection with his contract to provide the government with trained security guards, concerning how much training the security officers had received. Brooks moved to dismiss the indictment, arguing that his statements were not material to the contract because the officers had passed a proficiency exam. The court denied the motion, "[a]s the issue of materiality is a factual matter to be determined by the jury." *Id.*, at 3; *see also Fanta*, No. 04 CR 1253, 2005 U.S. Dist. LEXIS 33338, at *5 (denying motion to dismiss indictment because defendant's argument that alleged statements were not, in fact, false raised dispute about facts to be proven at trial; "A pretrial motion to dismiss an indictment under F. R. Cr. P. 12 is not a permissible vehicle for addressing the sufficiency of the Government's evidence."). Deciding the instant motion would, likewise, require the Court to address the sufficiency of the government's evidence, thereby usurping the jury's role.

      Accordingly the defendant's motion to dismiss the indictment is denied.

                                SO ORDERED.

                                *Roslynn R. Mauskopf*

Dated: Brooklyn, New York
       April 21, 2014
                                ROSLYNN R. MAUSKOPF
                                United States District Judge