

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

AAS/MJJ
F. #2013R00958

*271 Cadman Plaza East
Brooklyn, New York 11201*

April 4, 2015

By ECF

The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Choudry Khalil
                 Criminal Docket 13-386 (S-2) (RRM)

Dear Judge Mauskopf:

        The government respectfully moves the Court to issue a protective order relating to the production of materials pursuant to 18 U.S.C. § 3500 (the "3500 Material"). The trial in the above-referenced matter is scheduled to begin on April 20, 2015.

        Pursuant to the Court's scheduling order, the government is scheduled to provide the defense with copies of the 3500 Material on April 6, 2015—two weeks prior to the commencement of trial. As the 3500 Material contains the statements of cooperating witnesses and other lay witnesses who have provided information to the government about the defendant, the government seeks to disclose the 3500 Material pursuant to a proposed protective order (attached hereto as Exhibit A). The proposed order limits custody of the 3500 Material to defense counsel and seeks its return at the conclusion of trial. Defense counsel Gerald J. McMahon, Esq., has informed the government that he will not consent to the entry of the protective order, but has agreed to accept the 3500 Material pursuant to the conditions of the proposed order, pending resolution of this matter by the Court.

        Under well-established precedent, the entry of protective orders regarding the dissemination of witness statements has been viewed with approval. See, e.g., United States v. Nicolapolous, 30 F.3d 381, 383-384 (2d Cir. 1994); United States v. Basciano, 2006 U.S. Dist. LEXIS 57354, *5 (E.D.N.Y. June 30, 2006) (citing cases). As noted in United States v. Garcia, 406 F. Supp. 2d 304, 306 (S.D.N.Y. 2005):

> There will be cases, however, in which a casual attitude toward the handling of 3500 material is ill-advised. Any lawyer with experience in the criminal justice system knows that copies of witness statements or other discovery material are often passed from hand to hand within the prisons. In particular, the wide dissemination of statements by cooperating witnesses are regarded as "snitches" or "rats" by their criminal associates, and who often must serve their own sentences in close proximity to other prisoners, poses obvious dangers. It is not enough to say, as the defendants argue in this case, that the damage is done by the mere disclosure that a witness has cooperated with the authorities. Hard evidence of a witness's betrayal can facilitate retaliation or intimidation of the witness. It is therefore appropriate, in a case where such retaliation may be feared, to restrict the circulation of such material.

As reflected in the 3500 Material, the investigation has revealed that the defendant has repeatedly engaged in a pattern of obstructive conduct to include witness intimidation. Following the arrest of the defendant's brother Jamil Ahmed in United States v. Ahmed, 12 CR 291 (RRM), the defendant confronted and threatened multiple potential witnesses (and their families in Pakistan), and, in several cases, arranged to move witnesses out of the jurisdiction and even out of this country so that they would be inaccessible to members of law enforcement. Permitting the defendant (as opposed to defense counsel) to have copies of the 3500 Material would unnecessarily provide the defendant with countless opportunities to tamper with witnesses and evidence, and even expose witnesses and their family members to physical harm. See United States v. Moore, 322 Fed. Appx. 78, 83 (2d Cir. 2009) (holding that the "district court was within its discretion [in issuing a protective order to] prevent[] the defendant's unsupervised possession of § 3500 material, which included statements by cooperating witnesses, to protect such witnesses from intimidation and retribution").

The dangers posed by allowing the defendant to possess and disseminate this material—whether the witnesses testify or not—are real, and the risks unjustifiable. Moreover, the issuance of a protective order in this case will in no way prejudice the defendant. The defendant is not in custody and, under the terms of the proposed protective order, may review the 3500 material at any time in the presence of defense counsel or staff assisting defense counsel. In addition, the volume of 3500 Material is limited to two binders, and two weeks (rather than the Office's typical practice of disclosing witnesses' statements the week before trial) should be sufficient time for defense trial preparation.

For all of these reasons, the government respectfully requests the issuance of the attached protective order.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:   /s/ Alexander A. Solomon
Alexander A. Solomon
Matthew Jacobs
Assistant U.S. Attorneys
(718) 254-6074/6401

cc:    Clerk of Court (RRM) (by ECF)
       Gerald J. McMahon, Esq. (by ECF and email)