

AAS:MJJ
F. #2013R00958

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*
*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 9, 2015

By ECF

The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Choudry Khalil
                  Criminal Docket 13-386 (S-2) (RRM)

Dear Judge Mauskopf:

      The government respectfully submits this reply brief in further support of its motions in limine to: (1) admit evidence of the defendant's unreported income as direct evidence of the charged crimes; and (2) cross-examine the defendant about this unreported income, as well as the defendant's fraudulent prior marriage. As detailed below, the arguments raised in the defendant's opposition brief are without merit. The trial in the above-referenced matter is scheduled to begin on April 20, 2015.

I.      Evidence of Unreported Income

      At trial, the government expects to introduce evidence establishing that the defendant was a key member of an organization (the "Organization") that not only helped transport undocumented aliens from Pakistan into the United States, but also provided such undocumented aliens with high-quality false identification documents that allowed them to work in the United States without legal authorization. In return for these services, the Organization charged its clients high fees, which often exceeded $10,000.

      The defendant's bank records offer critical evidence of his key role in the Organization's illegal activities. Not only is there the unexplained deposit of more than $300,000, primarily in cash, for the time period between 2008 and 2010—a fact that corroborates the expected trial testimony of clients of the Organization that they paid for services in cash and that the defendant was the U.S.-based member of the Organization

responsible for collecting payment from clients—but the defendant also deposited in his account thousands of dollars in checks made out in the names used in some of the false identification documents produced by the Organization. For example, during a 9-month period spanning parts of 2010 and 2011, the defendant deposited more than $4,000 in checks payable to "Mohammad Rauf," which was a name used on multiple false identity documents used by the Organization's clients. Moreover, bank records reveal checks totaling more than $4,000 payable to "Muhammad Bilal"—a known alias of the defendant's brother Jamil Ahmed, who is a convicted member of the Organization—from the defendant's bank accounts.

The defendant simply ignores the cases cited in the government's motion, and—as suggested by his misplaced reliance on Huddleston v. United States, 485 U.S. 681 (1988)—mischaracterizes the basis upon which the government seeks to admit evidence of the defendant's unreported income. Huddleston concerns the admissibility of "other acts" evidence under Federal Rule of Evidence 404(b). As explained in the government's motion (Mot. at 2-3), the government seeks admission of the defendant's unreported income not as "other acts" evidence under Rule 404(b), but rather as direct evidence of his participation in the crimes charged.

In sum, the deposit of more than $300,000 between 2008 and 2010, coupled with the defendant's declared income of less than $60,000 during the same time period, is compelling evidence of his active participation in the lucrative document fraud and alien smuggling activities of the Organization, rather than, as the defendant suggests, the ordinary "business expenses" of a New York City cab driver. (Def. Br. at 2.) The proffered evidence helps "complete the story of the crime on trial" by demonstrating the defendant's receipt of payment for his illegal activities and, as such, should be admissible. United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989).

II.     Marriage Fraud

Similarly unavailing is the defendant's argument that the government is seeking to affirmatively introduce the defendant's marriage fraud as improper propensity evidence. Despite the defendant's claims to the contrary, the government is not seeking to introduce such evidence during its case-in-chief. Rather, should the defendant exercise his constitutional right to testify, the government will seek to impeach him through questioning about his marriage fraud.[1] In a case where the defendant is expected to contest that he assisted undocumented aliens enter and remain in this country through, among other means, the commission of immigration fraud, the government should be permitted to impeach the defendant with questions about his own immigration fraud. Such conduct is extremely probative of untruthfulness and should be permitted under Rule 608. Indeed, the defendant does not—and cannot—suggest that marriage fraud involves conduct more serious or

---

[1] Notably, the defendant does not appear to contest that cross-examination about unreported income is appropriate.

2

inflammatory than the present charges in this case. Accordingly, application of Rule 403 balancing suggests that the proposed cross-examination is appropriate.

III. Conclusion

   For the reasons stated above, the government respectfully requests that the Court (1) admit the defendant's unreported income as direct evidence of the charged crimes and (2) permit cross-examination of the defendant regarding his unreported income and fraudulent prior marriage.

         Respectfully submitted,

         LORETTA E. LYNCH
         United States Attorney

     By:    /s/
         Alexander A. Solomon
         Matthew Jacobs
         Assistant U.S. Attorneys
         (718) 254-6074/6401

cc: Clerk of Court (RRM) (by ECF)
   Gerald J. McMahon, Esq. (by ECF and email)