Gerald J. McMahon, Esq.
The Standard Oil Building
26 Broadway, 18th Floor
New York, New York 10004
212.797.1877
gm@geraldjmcmahon.com

April 19, 2015

By ECF

The Honorable Roslynn R. Mauskopf
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Choudry Khalil
        13 Cr. 386 (S-3) (RRM)

Dear Judge Mauskopf:

    I write in response to the government letters (docket nos. 74 and 78) seeking to preclude cross-examination about "[a]lleged [g]overnment [m]isconduct" (docket no. 74, at 1). The government claims that this would not be the first trial in this district in which defense counsel has "improperly attempted to raise a government misconduct defense...". The government then cites a quotation – taken out of context – from argument before Chief Judge Amon in "United States v. Atico [actually Antico], 08-CR-559 CBA)".

    I have had the pleasure of trying two cases before Chief Judge Amon. Most recently, a jury acquitted the defendant of all charges in *United States v. Anthony Romanello*. Prior to that, the jury acquitted Anthony Antico of the most serious charges (murder, robbery, gun charges), while finding him guilty of a gambling and non-violent extortion as predicate acts. Chief Judge Amon can attest to the fact that the undersigned knows the difference between putting the government on trial for misconduct (prohibited) and accusing government agents of engaging in misconduct (permissible).

    It is not my intention to put the government on trial. It is my intention to vigorously cross-examine government agent(s) about conduct constituting abuse of power, abuse of trust and perhaps even crimes.

    Your Honor has reviewed the allegations of the civil complaint filed in the Southern

District. It is clearly not a frivolous pleading, nor is it filled with conclusory allegations. If true, it accuses SA Atsatsang (one of two case agents in this case) of conduct which is at least unconstitutional, if not criminal.

The allegations of the SDNY complaint are if anything corroborated by the encounter that the agents in this case had with Khalil's wife and children at the airport in June 2013. In their reply letter (docket no. 78), the government does not dispute that 1) Khalil's wife was stopped at the airport and separated from her five children for 5-6 hours of questioning; 2) that the agents who interrogated her tried to persuade her (and, through her, defendant) to become cooperating witnesses; and 3) some of the agents involved in this case were involved in that interrogation. Not disputing the core facts, the government, in quibbling fashion, focuses on the fact that SA Atsatsang is not Pakistani. Docket no. 78, at 2. What Mr. Khalil told me about the encounter was that it was conducted by a Pakistani agent (believed to be co-case agent Salman Navqi), and Indian agent (believed to be co-case agent Tenzin Atsatsang), and an American agent of Spanish descent.

The government no doubt has a report of the encounter. I have not been able to locate a copy in my files. The government should immediately produce a copy and then we'll all see who in fact was there and what transpired.

In any event, the United States Supreme Court has made it clear that the defense in a criminal case, has the right on cross-examination, to cast doubt on the *bona fides* of the government case. *Kyles v. Whitley*, 514 U.S. 419 (1995). In reversing a conviction for failure by the prosecution to produce *Brady* material, the Court stated:

- the defense had the right to question "the thoroughness and even the good faith of the investigation";

- the defense could "discredit the caliber of the investigation or the decision to charge the defendant";

- the "withheld *Brady* evidence carried within it the potential ... for the ... discrediting of the police methods employed in assembling the case..."

*Kyles*, 514 U.S. at 445-49.

The Second Circuit has also taken an expansive view of a defendant's right to cross-examine a witness for bias or motive to testify falsely. See e.g. *United States v. Weiss*, 930

The Honorable Roslynn R. Mauskopf
United States District Judge
April 19. 2015
Page Three


F.2d 185, 197 (2d Cir. 1991) ("the defendant should be given wide latitude in cross-examining a government witness in a criminal case..."); *United States v. Blackwood*, 456 F.2d 526. 530 (2d Cir. 1972 (Special treatment is accorded evidence which is probative of a motive to lie "for if believed it colors every bit of testimony given by the witness whose motives are bared").

      As stated above, it is not the intention of the defense to put the government on trial. It is the intention of the defense to fulfill our Sixth Amendment obligation to confront and challenge the witnesses brought in by the government. <u>See</u> *Davis v. Alaska*, 415 U.S. 308 (1974) ("...the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally-protected right of cross-examination. *Green v. McElroy*, 360 U.S. 474, 496 (1959)"). The government's motion should be denied.

                Very truly yours,


                <u>/s/ *Gerald J. McMahon*</u>
                 Gerald J. McMahon


GJM:cw
cc: Alexander A. Solomon, Esq.
    Matthew Jacobs, Esq.
    Assistant United States Attorneys
    (By ECF)