

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ZA:AAS:MJJ
F. #2013R00958

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 23, 2015

By ECF

The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Choudry Khalil
              Criminal Docket 13-386 (S-3) (RRM)

Dear Judge Mauskopf:

      The government respectfully moves in limine to preclude cross-examination concerning the seizure of a cellular telephone from the defendant's brother, Jamil Ahmed, incident to Ahmed's arrest at John F. Kennedy International Airport ("JFK Airport") on April 7, 2012. As detailed below and in an ex parte sealed submission, such cross-examination is improper because the defendant lacks standing to suppress records obtained from the government's search of Ahmed's cellular telephone.

I.     Background

      On April 7, 2012, Jamil Ahmed was arrested at JFK Airport, after entering this country from Pakistan, pursuant to an arrest warrant issued by the Honorable Cheryl L. Pollak. Law enforcement officers seized a cellular telephone from Ahmed, incident to his arrest and subject to border search authority, and subsequently conducted a search of that telephone. At trial the government will seek to admit evidence obtained from this search, including telephone numbers of co-conspirators of the defendant and evidence of communications between Jamil Ahmed and co-conspirators of the defendant.[1]

---

[1]     The evidence the government will seek to admit is contained in records previously produced in discovery, bearing Bates numbers 5129 to 5283.

II. <u>Argument</u>

Cross-examination concerning the circumstances surrounding the seizure Ahmed's cellular telephone is improper because the defendant lacks standing to suppress any evidence obtained from the government's search of that telephone.

"'Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.'" <u>Plumhoff v. Rickard</u>, 134 S. Ct. 2012, 2022 (2014) (alteration in original) (quoting <u>Alderman v. United States</u>, 394 U.S. 165, 174 (1969)). Thus, "a defendant can urge the suppression of evidence . . . only if that defendant demonstrates that his Fourth Amendment rights were violated by the challenged search or seizure." <u>United States v. Padilla</u>, 508 U.S. 77, 81–82 (1993) (emphasis in original); <u>accord</u> <u>United States v. Haqq</u>, 278 F.3d 44, 47 (2d Cir. 2002).

"A defendant bears the burden of proving that he has a legitimate expectation of privacy in an object such that he can claim the protection of the Fourth Amendment in challenging the government's search of that object." <u>United States v. Dore</u>, 586 F. App'x 42, 46 (2d Cir. 2014) (affirming district court's ruling that the defendant lacked standing to move to suppress records from a telephone that the defendant failed to establish belonged to him) (citing <u>Rawlings v. Kentucky</u>, 448 U.S. 98, 104–05 (1980)). With respect to alleged Fourth Amendment violations, defendants seeking suppression of evidence must have a reasonable expectation of privacy in the location or items searched. <u>See</u> <u>Rakas v. Illinois</u>, 439 U.S. 128, 143 (1978). A defendant must have both a subjective expectation of privacy and an objective expectation of privacy—that is, an expectation that society recognizes as reasonable. <u>See</u>, e.g., <u>United States v. Osorio</u>, 949 F.2d 38, 40 (2d Cir. 1991).

In this case, the defendant has no personal rights—much less any reasonable expectation of privacy—in the cellular telephone law enforcement seized from Ahmed. Accordingly, the defendant lacks standing to challenge the admission of evidence obtained from searching that telephone. Because the defendant's lacks such standing, cross-examination concerning the circumstances surrounding the seizure of Ahmed's cellular telephone is irrelevant and should be precluded. Moreover, in light of the Court's ruling that defense counsel may not argue or elicit testimony concerning alleged government misconduct, cross-examination surrounding the propriety of the seizure is irrelevant and impermissible. <u>See</u> Fed. R. Evid. 401 (defining "relevant evidence" as evidence that has "any tendency" to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence); <u>United States v. Borrero</u>, 2013 WL 5797126, at *3 (S.D.N.Y. Oct. 28, 2013). Further, allowing cross-examination regarding the material at issue would cause undue prejudice to the government by confusing or misleading the jury with irrelevant information. <u>See</u> Fed. R. Evid. 403 (providing that material may be excluded which creates the risk of confusing or misleading the jury); <u>United States v. Smith</u>, 2013 WL 5595930, at *3 (S.D.N.Y. Oct. 11, 2013).

III. Conclusion

For the foregoing reasons, the government respectfully requests that the Court preclude cross-examination concerning the circumstances surrounding the seizure and search of Jamil Ahmed's cellular telephone.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:        /s/
Alexander A. Solomon
Matthew Jacobs
Assistant U.S. Attorneys
(718) 254-6074/6401

Attachment

cc:    Clerk of Court (RRM) (by ECF)
       Gerald J. McMahon, Esq. (by ECF)